**David GIVENS, Petitioner,**

v.

**UNITED STATES of America; U.S. Securities & Exchange Commission, Respondents.**

No. 16-72207

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

Filed October 4, 2017

David Givens, Pro Se

Loretta E. Lynch, Attorney General, DOJ—U.S. Department of Justice, Washington, DC, for Respondent United States of America

Jacob Loshin, Attorney, Stephen G. Yoder, Securities & Exchange Commission,

---

ment. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Washington, DC, for Respondent U.S. Securities & Exchange Commission

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

David Givens petitions pro se for review of an order of the Securities and Exchange Commission ("SEC") denying his claim for a whistleblower award under Section 21F of the Dodd–Frank Wall Street Reform and Consumer Protection Act. We have jurisdiction under 15 U.S.C. § 78u–6(f). The SEC's determination may be set aside only if "arbitrary, capricious, or otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A), (2)(E); *see also* 15 U.S.C. § 78u–6(f); *Ponce v. SEC*, 345 F.3d 722, 728 (9th Cir. 2003). We deny the petition.

The record supports the SEC's determination that Givens was not entitled to a whistleblower award because Givens did not provide information to the SEC "that led to the successful enforcement" of an SEC action. 15 U.S.C. § 78u–6(b); *see also* 17 C.F.R. § 240.21F–4(c) (defining information that leads to successful enforcement).

We reject as meritless Givens's contention that the SEC denied him due process of law.

All pending motions and requests are denied.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

